IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAMES "MUGGY" WILLIAMS, #R2903                        PETITIONER

versus                                    CIVIL ACTION NO. 2:03cv243-KS-MTP

MIKE A. WILSON, Superintendent of MSP;
CHRISTOPHER EPPS, Commissioner of MDOC;
and MIKE MOORE, Attorney General                       RESPONDENTS

OPINION AND ORDER

BEFORE THE COURT is the Petition of James Williams for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Having considered the petition, the answer, the traverse, the record of the state court proceedings and the applicable law, the court finds that the petition should be DENIED.

PROCEDURAL HISTORY

On November 13, 1997, James Williams was convicted by a jury of the murder of Johnny Powe. and sentenced to serve a term of life in the custody of the Mississippi Department of Corrections. On March 26, 1998, he filed a direct appeal of his conviction and sentence to the Mississippi Supreme Court, asserting, among others, the following errors as grounds for reversal:

> 1. The weight of the evidence at trial when taken in the light most favorable to the State of Mississippi clearly shows that the deceased in this case, Johnny K. Powe was the aggressor and was threatening the defendant with an assault rifle and the defendant's shooting and killing of Mr. Powe was a justifiable homicide. The trial court committed reversible error by failing to grant the appellant's request for a new trial. Furthermore, the interests of justice require a reversal and a remand or at least a new trial.

> 2. The trial court committed reversible error by failing to submit proposed jury instructions D-5, D-5a and D-6 which were all proper statements of the law regarding self defense, and said failure prohibited the jury from being properly instructed on the law of self-defense.

3. The evidence elicited from all of the witnesses at trial was insufficient to support a murder conviction; at most, the defendant in this case is guilty of manslaughter.

4. The trial court committed reversible error by allowing the jury to receive proposed jury instruction S-6 which was a misapplication of the law to the facts of this case and which failed to properly instruct the jury on the defendant's theory of the case, self-defense.[1]

On September 28, 1999, the Mississippi Court of Appeals affirmed Williams' conviction and sentence by written, but unpublished, opinion. The Mississippi Supreme Court granted Williams' petition for writ of certiorari "concerning errors in instructing the jury and the weight of the evidence." *Williams v. State of Mississippi,* 803 So. 2d 1159, 1160 (¶ 1) (Miss. 2001). Finding that the jury was properly instructed and that the conviction was supported by ample evidence, the supreme court affirmed the court of appeals' judgment. Williams' petition for rehearing was denied on January 17, 2002.

On November 22, 2002, Williams sought leave from the Mississippi Supreme Court to file his "Motion for Post Conviction Relief to Vacate and Set Aside Conviction and Sentence" in which he asserted ineffective assistance of counsel and its cumulative effect of denying him a fair trial and appeal.[2] On December 13, 2002, the supreme court denied Williams' application:

> Williams alleges that his attorneys at trial were ineffective in failing to adequately present his defenses, in failing to investigate the case properly, and in failing to raise challenges under *Batson v. Kentucky*.[3] The panel finds that the allegations of

---

[1]The asserted errors are taken verbatim from the Brief for the Appellant filed in case number 98-KA-532 on December 28, 1998.

[2] Cause No. 2002-M-1930

[3] In his motion, Williams claims to have been denied effective assistance of counsel by "counsel's actions of failing to raise <u>Batson</u> issues at trial and on direct appeal when the prosecutor used peremptory challenges to strike members of petitioner's race and failed to provide non-racial reasons." Motion for Post Conviction Relief at page 3 ¶ 4.

2

ineffective assistance of counsel fail to meet the standard set out in *Strickland v. Washington,* and that the request for relief on that count should be denied. Williams also claims that cumulative error requires a new trial. The panel finds that that claim is without merit.

Williams filed his *pro se* Petition for Writ of Habeas Corpus on April 22, 2003.

GROUNDS ASSERTED FOR HABEAS CORPUS RELIEF

By his petition, Williams states five grounds upon which he claims habeas corpus relief is warranted. In Ground One, Williams challenges the sufficiency of the evidence to support his conviction for murder. In Ground Two, he contends that the trial court committed plain error when it allowed the State to submit Jury Instruction S-6, a "mutual combat" instruction, as there was no evidence to support a mutual combat theory. Also in Ground Two, Williams presents a claim of ineffective assistance of counsel based on his trial attorney's failure to specifically argue the mutual combat issue. In Ground Three, Williams contends that he was denied a fair trial by the trial court's refusal to grant three proffered self-defense instructions. In Ground Four, he again raises a claim of ineffective assistance of counsel at trial, arguing that counsel was ineffective not just for failing to object to "the State's improper use of peremptory challenges" but also for failing "to make sure that the record included the race of every juror that the State struck peremptorily." In Ground Five, Williams argues that the trial court committed plain error when it gave instruction S-7 on self-defense as well as that his counsel was ineffective for failing to object to the instruction. [4]

---

[4] Williams has "waive[d] and abandon[ed]" "the Fifth issue of the petition." Traverse [11] at 51. Williams did not object to the giving of this instruction at trial. Trial Transcript at 365: 16-17. Although Williams did not raise the issue on appeal, the Mississippi Supreme Court considered the propriety of S-7 in light of *Reddix v. State,* 731 So. 2d 591(Miss. 1999). Concluding that it, along with S-1, properly instructed the jury on self-defense, the court found no error in its having been given. *Williams v. State of Mississippi,* 803 So. 2d 1159, 1162 (¶¶ 8-11) (Miss. 2001).

THE STANDARD OF REVIEW

As Williams' petition was filed after the effective date of The Antiterrorism and Effective Death Penalty Act (AEDPA),[5] the AEDPA and case law interpreting it provide the standards under with the petition must be evaluated. [6]   As an initial matter, exhaustion of state remedies is a mandatory prerequisite to federal habeas relief under 29 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that–
> (A)  the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i)  there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> . . . .
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

*See Sterling v. Scott,* 57 F.3d 451, 453 (5th Cir. 1995)(stating that exhaustion of all claims in state court is "a fundamental prerequisite to federal habeas relief").

To satisfy the exhaustion requirement, the petitioner must present his claims to the highest state court in a procedurally proper manner so that the state courts are given a fair opportunity to consider and pass upon challenges to a conviction before those issues come to federal court for habeas corpus review. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999).  This is so because state courts, "like federal courts, are obliged to enforce federal law." *Id.* at 844.  Thus, "when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *Id.*

---

[5] *See Neal v. Puckett,* 286 F.3d 230, 235 (5th Cir. 2002).

[6] AEDPA provides that the court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 29 U.S.C. § 2254(a) (emphasis added).

Exhaustion results from the petitioner's pursuit of his claims through state courts either by direct appeal or by post-conviction proceedings. *See Orman v. Cain,* 228 F.3d 616, 620 & n.6 (5th Cir. 2000).

Along with a determination of whether the petitioner has exhausted state court remedies, the court must also determine whether the state court has decided the asserted claim on the merits, thereby barring habeas corpus review except under very limited circumstances:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the AEDPA, when the state court has adjudicated the petitioner's claim on the merits,[7] the federal court reviews mixed questions of law and fact under subsection (d)(1), Corwin v. Johnson, 150 F.3d 467, 471 (5th Cir. 1998), which allows habeas relief if the federal court finds that the challenged state court decision involved an unreasonable application of the law to the facts. *See Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000). The "unreasonable application" inquiry is based on an objective standard, and for purposes of (d)(1) analysis, "unreasonable" does not equate with "incorrect." *Garcia v. Dretke,* 388 F.3d 496, 500 (5th Cir. 2004). The application of clearly-established precedent must be both incorrect and unreasonable for federal habeas relief to be warranted. *Id.*

Pure questions of fact are reviewed under subsection (d)(2). *Corwin v. Johnson,* 150 F.3d

---

[7] "On the merits" refers to substantive, rather than procedural, disposition of the case. *Neal v. Puckett,* 286 F.3d 230, 235 (5th Cir. 2002).

5

467, 471 (5th Cir. 1998).  Determination of a factual issue made by the state court is entitled to a presumption of correctness which the petitioner can rebut only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Brewer v. Dretke,* 442 F.3d 273, 276 & n. 7 (5th Cir. 2006).  It is against this backdrop of exhaustion requirements and substantive determinations that Williams' claims must be viewed.

## THE UNEXHAUSTED CLAIMS

Williams has requested habeas corpus relief on two ineffective assistance of counsel claims that were not presented in his post-conviction application and which have not otherwise been presented to the Mississippi Supreme Court for review.  Thus, Williams has not exhausted his state court remedies on the claims that his attorney was ineffective by failing to specifically argue the mutual combat issue (Ground Two) and by failing to ensure that the record included the race of every juror peremptorily struck by the State (Ground Four).  Because these claims were raised for the first time in his federal habeas petition and because the Mississippi Supreme Court would now find them to be procedurally barred,[8] they are procedurally defaulted for purposes of federal habeas review. *Bagwell v. Dretke,* 372 F.3d 748, 755 (5th Cir. 2004).  The procedural default bar applies even if the unexhausted claim is related to an exhausted claim  and even if "all the facts necessary to support the federal claim were before the state courts." *See Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir. 1997).

Nevertheless, a federal court "may resurrect a defaulted claim, and consider its merits" under

---

[8] MISS. CODE ANN. § 99-39-27(9); *see Stokes v. Anderson,* 123 F.3d 858, 860 (5th Cir. 1997)(referring to § 99-39-27(9) as a bar to second or successive state habeas petitions).  The petitioner has raised no issue as to whether Mississippi applies section 99-39-27(9) "strictly or regularly." *See id.* at 860-61(concluding that where petitioner failed to sustain his burden of showing inconsistent and irregular application of procedural bar, he had defaulted his federal claims in state court).

two narrow exceptions: "cause and actual prejudice" or "miscarriage of justice." *Bagwell,* 372 F.3d at 755, 756. To prove cause sufficient to excuse default, the petitioner must establish that some external impediment prevented him from raising the defaulted claims in his application for post-conviction relief. *Coleman v. Thompson,* 501 U.S. 722, 753 (1991). As Williams did raise a post-conviction claim of ineffective assistance of counsel and as he has not even attempted to explain his failure to raise the other two, he cannot be deemed to have established the requisite cause. *See Saahir v. Collins,* 956 F.2d 115, 118 (5th Cir. 1992)(holding that neither *pro se* status nor ignorance of the law establishes cause). Consideration of prejudice is therefore unnecessary. *Saahir,* 956 F.2d at 118 ("A court need not consider whether there is actual prejudice if the petitioner fails to show cause.").

The fundamental miscarriage of justice exception applies only in "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." *Callins v. Johnson,* 89 F.3d 210, 213 (5th Cir. 1996)(citation omitted). Being confined to "cases of actual innocence," the exception requires the petitioner to show "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999). This showing requires "new, reliable evidence that was not presented at trial" and that would show it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." [9] *Id.* at 644; *see also Johnson v. Hargett,* 978 F.2d 855, 859 & n. 18 (5th Cir. 1992) (distinguishing factual and legal innocence and noting that "actual innocence requires more than showing of constitutional error, even when the verdict would have been different absent error").

---

[9] Such evidence includes "exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence." *Fairman,* 188 F.3d at 644.

Williams challenges the sufficiency of the evidence, [10] claims that he killed Powe in self-defense,[11] and argues that, at worst, he is guilty only of manslaughter,[12] but he has not attempted to show that he is factually innocent of killing Powe: "Williams...does not assert that the Government failed to prove that he killed Mr. Powe.  The evidence clearly established that he fired the fatal shot."[13]  Nor does Williams offer any "new and reliable" evidence, choosing instead to rehash testimony presented at trial and argue for an outcome different from his conviction for murder. [14] Under these circumstances, this court's being procedurally barred from reviewing the merits of Williams' unexhausted ineffective assistance of counsel claims does not result in a fundamental miscarriage of justice sufficient to excuse his default.  *See Bagwell v. Dretke,* 372 F.3d 748, 757 (5th Cir. 2004) (finding no miscarriage of justice where no factual innocence argument had been made).

CLAIMS CONSIDERED ON THE MERITS

**Sufficiency of the Evidence**:

In Ground One of his petition, Williams challenges the sufficiency of the evidence to support his conviction for murder.  He raised this same issue in his direct appeal.[15]  *See Williams v. State*, 803 So. 2d 1159, 1163 (Miss. 2001).  A federal habeas corpus claim alleging that a state court conviction was based on insufficient evidence is evaluated by reference to standards set out by the Supreme Court in *Jackson v. Virginia*:

---

[10] Traverse at 12-13.

[11] Traverse at 15.

[12] Traverse at 18.

[13] Traverse at 12.

[14] Traverse at 8-12, 18, 20.

[15] Williams also continues to claim that, at most, he is guilty of manslaughter.  Petition at 6 ¶ 1; Traverse at 18 para. 2.

8

> The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be...to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court to ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution.

*Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (internal quotations and citation omitted). Application of the *Jackson* standard allows a reviewing court to find the evidence sufficient to support a conviction even when the facts may support an alternative conclusion. *See Gilley v. Collins,* 968 F.2d 465, 468 (5th Cir. 1992).

The Mississippi Supreme Court did not apply the *Jackson* standard to arrive at its conclusion that "the record below adequately supports the verdict," but the standard that it did apply is consistent with *Jackson*'s protections "against misapplications of the constitutional standard of reasonable doubt." *Jackson v. Virginia,* 443 U.S. at 320. Addressing Williams' claim, the court stated that

> once the jury has returned a verdict of guilty in a criminal case, we are not at liberty to direct that the defendant be discharged short of a conclusion on our part that given the evidence,

9

taken in the light most favorable to the verdict, no reasonable, hypothetical juror could find beyond a reasonable doubt that the defendant was guilty.

*Williams v. State*, 803 So. 2d at 1163 (¶ 15).

Although Williams claims that he "came forward with evidence to suggest the killing was justified due to self-defense"[16] and insists that "the only reasonable inference a jury could have drawn from this particular case is that he killed Powe in self-defense"[17] and contends that "the issue of heat of passion was strongly and properly presented in this case,"[18] the Mississippi Supreme Court summarized the evidence presented by both sides and reached the *Jackson*-like conclusion that "the weight and credibility of the evidence are matters left to the jury.  The issue of whether this killing was murder or self-defense was for the jury to determine.  After hearing all of the facts, the jury believed the witnesses for the State and returned a verdict accordingly." *Williams v. State*, 803 So. 2d at 1163 (¶¶ 15-16).

Where, as here, "a state appellate court has conducted a thoughtful review of the evidence," its determination of the sufficiency of the evidence "is entitled to great deference."   *Callins v. Collins,* 998 F.2d 269, 276 (5th Cir. 1993) (applying the *Jackson* standard and concluding that the appellate court adequately addressed the issue). This entitlement to deference coincides with recognition that claims for habeas corpus relief do not render "[f]ederal courts...forums in which to relitigate state trials.  ...The procedures adopted to facilitate the orderly consideration and disposition of habeas petitions are not legal entitlements that a defendant has a right to pursue irrespective of the contribution these procedures make toward uncovering constitutional error." *Autry v. Estelle,* 464 U.S. 1, 3 (1983) (citation omitted).

---

[16] Traverse at 15.

[17] Traverse at 18.

[18] Traverse at 20.

10

As the evidence in this case meets the *Jackson* standard, Williams has presented nothing in his habeas petition to overcome the deference afforded the Mississippi Supreme Court's decision. He has likewise failed to prove that its adjudication of the sufficiency-of-the-evidence issue runs afoul of 28 U.S.C. § 2254(d). Additionally, federal court review "of a question of federal law decided by a state court is generally unavailable if the state court resolved the question on a 'state law ground that is independent of the federal question and adequate to support the judgment.'" *Rosales v. Dretke,* 444 F.3d 703, 707 (5th Cir. 2006) (quoting *Coleman v. Thompson,* 501 U.S. 722, 729 (1991)).

**Jury Instructions**:

Grounds Two and Three present jury instruction challenges. Williams claims that the trial court committed plain error when it allowed the State to submit instruction S-6, a "mutual combat" instruction, as there was no evidence to support a mutual combat theory. Presented with this argument on direct appeal, the Mississippi Supreme Court agreed that there were no facts to support the instruction but pointed out that at the time the instruction was offered, Williams' only objection was that it failed to define self-defense.[19] Reasoning that the instructions, viewed as a whole, properly defined self-defense, the court found no error in the instruction's having been given. *Williams v. State of Mississippi,* 803 So. 2d 1159, 1163 (¶ 13) (Miss. 2001). Williams also claims that he was denied a fair trial when the trial court refused to instruct the jury on his theory of the case by giving proposed self-defense instructions D-5, D-5A and D-6. The supreme court agreed that Williams was entitled to have the jury instructed on self-defense, but concluded that because the jury

---

[19] *See* Trial Transcript at 365.

11

had been so instructed by other instructions,[20] the trial court committed no error in refusing the additional instructions. *Id.* at 1161 (¶ 7).

As the Mississippi Supreme Court rejected Williams' arguments on the merits, this court's consideration of Williams' claims is limited to a determination of whether that court's decision involved an unreasonable application of clearly established *federal* law or was contrary to such law. 28 U.S.C. § 2254(d)(1). The Supreme Court has emphasized that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). It has also recognized–as did Mississippi's supreme court–that "the instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record." *Id.* at 72.

The inquiry required of this court is only whether any error in giving or failing to give an instruction "by itself so infected the entire trial that the resulting conviction violates due process." *Galvan v. Cockrell,* 293 F.3d 760, 764-65 (5th Cir. 2002). In this case, Williams' theory of the case–self-defense–was presented to the jury by way of instructions held to be appropriate by the Mississippi Supreme Court.[21] *See Jackson v. Anderson,* 112 F.3d 823, 825 (5th Cir. 1997) (quoting *Seaton v. Procunier,* 750 F.2d 366, 368 (5th Cir. 1985) ("We will take the word of the highest court

---

[20] Instructions S-1 and S-7 addressed the issue of self-defense and were given without objection. Trial Transcript at 358-59, 365. *See Williams,* 803 So. 2d at ¶¶ 8, 10-11. The supreme court has applied the *Williams* analysis of the so-called "*Robinson* instruction" (S-7 in *Williams*) in subsequent cases to find the instruction appropriately given. *See Harris v. State,* 861 So. 2d 1003, 1013-14 (¶ 21) (Miss. 2003); *Montana v. State,* 822 So. 2d 954, 959 (¶¶ 13-16) (Miss. 2002). Although it was not specifically mentioned in the opinion, self-defense instruction S-8, which had been withdrawn by the State, was given at the defendant's request. Transcript at 365-66.

[21] At trial defense counsel objected to the giving of a manslaughter instruction: "We object to it, because this would be murder or nothing. It's self-defense." Trial Transcript at 359: 4-6. The jury was nonetheless instructed on manslaughter by way of S-2, S-3 and S-4. Transcript at 359-60.

12

on criminal matters of [Mississippi] as to the interpretation of its law, and we do not sit to review that state's interpretation of its own law.")). Under these circumstances, denial of Williams' preferred instructions, if unfair at all, was not so unfair as to rise to the level of a violation of his due process rights. *See Gilmore v. Taylor,* 508 U.S. 333, 343-44 (1993); *see also Galvan v. Cockrell,* 293 F.3d at 765 (noting that the petitioner's burden of demonstrating "that an erroneous jury instruction violated [his] due process rights is greater than the showing required to establish plain error on direct appeal"). Consequently, Williams is not entitled to habeas relief on his jury instruction claims.

**Ineffective Assistance of Counsel**:

Ground Four raises a claim of ineffective assistance of counsel at trial with respect to Williams' attorney's failure to object to what Williams contends was "the State's improper use of peremptory challenges." By way of Williams' application for post-conviction relief, the Mississippi Supreme Court reviewed this claim and found it lacking under the standards set out in *Strickland v. Washington.* It was in that case that the United States Supreme Court defined the standard by which an ineffective assistance of counsel claim in a habeas proceeding is to be measured: Williams must show that his "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Application of this deficiency and prejudice standard is guided by the Court's further instructions:

> Judicial scrutiny of counsel's performance must be highly deferential. ... A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's

13

conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Strickland*, 466 U.S. at 689.

Although the reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies,"[22] the petitioner must nonetheless satisfy both prongs of the *Strickland* test. *Moawad v. Anderson,* 143 F.3d 942, 946 (5th Cir. 1998). To satisfy *Strickland's* deficiency prong, the petitioner must show something other than "reasonably effective assistance. That is, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Motley v. Collins,* 18 F.3d 1223, 1226 (5th Cir. 1994) (internal quotations and citation omitted). The prejudice prong is satisfied by the petitioner's showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (internal quotations and citation omitted). It will not suffice that the petitioner shows only "that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693.

As an additional aspect of the evaluation of an ineffective assistance claim, the *Strickland* Court pointed out that the "governing legal standard plays a critical role in defining the question to be asked in assessing the prejudice from counsel's errors." *Strickland*, 466 U.S. at 695. In a case such as this one, "when the defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.*

---

[22]*Strickland*, 466 U.S. at 697.

14

Given that an ineffective assistance of counsel claim presented for habeas review presents a mixed question of law and fact [23] and that *Strickland v. Washington* is the "clearly established Federal law" which governs such claims,[24] the section 2254(d)(1) issue in this case is "whether the Mississippi Supreme Court's decision to reject [Williams'] ineffective assistance claim 'involved an unreasonable application' (and not merely an incorrect application) of *Strickland.*" *Neal v. Puckett,* 286 F.3d 230, 236 (5th Cir. 2002). A federal court "making the unreasonable application inquiry should ask whether the state court's application of law was objectively unreasonable,"[25] but it is to review only the state court's ultimate conclusion and not the reasoning that was used to reach it. *Neal,* 286 F.3d at 246. In this case, to establish deficient performance on the part of his trial attorney, Williams "must overcome the presumption that, under the circumstances," his lawyer's failure to object to the State's use of peremptory challenges "was sound trial strategy." *Neville v. Dretke,* 423 F.3d 474, 482 (5th Cir. 2005). Williams falls far short of overcoming this presumption.

As an initial matter, his petition could properly be deemed "fatally conclusory and without merit" as he "fails to make particularized allegations or to identify probative evidence in the record tending to support his allegations." *United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir 1998) (affirming summary judgment and dismissal of section 2255 petition); *see also Miller v. Johnson,* 200 F.3d 274, 282 (5th Cir. 2000) (stating that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding"). Instead of the requisite particularized allegations of instances in which qualified jurors were wrongfully excluded, Williams claims only that he was "tried and convicted by an all white jury in a community were blacks make

---

[23]*Nixon v. Epps,* 405 F.3d 318, 324 (5th Cir. 2005).

[24]*Neal v. Puckett,* 286 F.3d 230, 235 (5th Cir. 2002).

[25]*Neal ,* 286 F.3d at 244 (citing *Williams v. Taylor,* 529 U.S. 362, 409 (2000)).

15

up 36.3 percent, and whites 61.4 percent." Petition at 10 ¶ 2.[26]  However, "mere cognizance of racial identity does not necessarily establish, or even imply, racial discrimination." *Lockett v. Anderson,* 230 F.3d 695, 707 (5th Cir. 2000).[27]  Additionally, "where the only evidence proffered by the defendant is that a black prospective juror was struck, a prima facie *Batson* claim does not arise. ...A defendant must prove discrimination by more than the sole fact that the minority venire-person was struck by peremptory challenge." *United States v. Branch,* 989 F.2d 752, 755 (5th Cir. 1993); *see also Murphy v. Dretke,* 416 F.3d 427, 438 (5th Cir. 2005) (observing that "stark numbers" of venire-persons peremptorily struck by the State cannot alone establish racial discrimination and affirming denial of petition); *Medellin v. Dretke,* 371 F.3d 270, 278-79 (5th Cir. 2004) (rejecting argument that use of six of thirteen peremptory strikes to excuse minorities "presents statistical evidence of discrimination" and stating that the "number of strikes used to excuse minority...pool members is irrelevant on its own"); *Soria v. Johnson,* 207 F.3d 232, 239 (5th Cir. 2000)(fact that "two Hispanics were peremptorily challenged" held insufficient to establish "a *prima facie* case of purposeful

---

[26]Also with respect to his contention that "purposeful discrimination took place during the selecting of his jury" Williams claims to have "witnessed several black potential jurors that he is certain that had survived challenges for cause and was [sic] therefore available to serve on his petit jury." Traverse at 47 para. 1.  However, review of the record discloses that not all the "surviving" jurors were struck at the instance of the State; the defense struck eight.  Trial Transcript at 85-86.

[27]In that case, Lockett was tried separately for the murders of a husband and wife. Following affirmance of the convictions and death sentences, he filed a petition for habeas corpus in which he argued that "the prosecution's use of its peremptory challenges to exclude <u>all</u> black jurors from <u>both</u> juries violated the constitutional guarantees set forth in *Batson v. Kentucky*." *Lockett v. Anderson,* 230 F.3d at 706 (emphasis added).  The Fifth Circuit found that as to the first trial, Lockett had "failed to preserve this issue by not contemporaneously objecting at trial" and agreed with the Mississippi Supreme Court that the issue was procedurally barred as a matter of law:  "Because no specific objection was raised at the time of...trial, we find no evidence that any inquiry was made as to the prosecutor's rationale for excluding all black members of the jury pool during the trial.  Thus, we have no facts or arguments before us upon which to base a *Batson* inquiry." *Id.*

16

discrimination during voir dire").

Here, as in *Lockett*, Williams has presented no facts or arguments upon which to base a *Batson* inquiry. Under these circumstances, this court cannot conclude that Williams' trial counsel's failure to object to the State's peremptory challenges constituted deficient performance or rendered the trial fundamentally unfair. *See Lockhart v. Fretwell,* 506 U.S. 364, 368, 370 (1993)(emphasizing that the "Sixth Amendment right to counsel exists in order to protect the fundamental right to a fair trial" and that "the touchstone of an ineffective-assistance claim is the fairness of the adversary proceeding"); *see also Miller v. Johnson,* 200 F.3d 274, 282 (5th Cir. 2000).[28] Given the deferential standards that apply, the Mississippi Supreme Court's rejection of Williams' ineffective assistance of counsel claim does not involve an objectively unreasonable application of *Strickland* to the facts of his case. *See Neal v. Puckett,* 286 F.3d at 247 (concluding that the supreme court's decision did not involve an unreasonable application of *Strickland* and denying the petition).[29]

## CONCLUSION

For the reasons stated above, each of Williams' claims for federal habeas relief is denied either on the merits or as procedurally barred. Accordingly, his Petition for Writ of Habeas Corpus must be denied in all respects and this case dismissed with prejudice.[30]

---

[28] "In the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced his right to a fair trial, we can find no merit to these claims." *Id.* (internal alterations and citation omitted).

[29] In his Traverse (at 49), Williams requests an evidentiary hearing to develop the peremptory challenge issue. As the court has found this issue to be without merit and as the conditions set forth in § 2254(e)(2)(A) & (B) are not met, Williams is not entitled to such a hearing.

[30] Although AEDPA requires total exhaustion as a prerequisite for a district court to grant a petition, it allows the court to <u>deny</u> a petition on the merits "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254 (b)(1)(A); 28 U.S.C. § 2254(b)(2). This court therefore has the discretion to deny each of Williams' claims for relief either on the merits or as procedurally barred rather than dismissing the petition as mixed. *Neville v. Dretke,* 423 F.3d 474, 480, 482 (5th Cir. 2005).

IT IS THEREFORE ORDERED that Williams' Petition for Writ of Habeas Corpus [#1] is DENIED and the case dismissed with prejudice.

A separate judgment shall be entered herein in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED this, the 26th day of September, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE